IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| MARVIN B. SMITH III | ) | Number <u>07-20244</u> |
| SHARON H. SMITH | ) | |
| | ) | |
| Debtors | ) | |

## REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT ON APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL OF ORDER DENYING DEBTORS' MOTION TO CONTINUE HEARING ON SANCTIONS [1]

Debtors Marvin B. Smith III and Sharon H. Smith seek to proceed in forma pauperis under 28 U.S.C. § 1915 in their appeal of my Order Denying Debtors' Motion to Continue Hearing on Sanctions ("Order Denying Continuance"). The order appealed from

---

[1] **Procedural Note:** This report and recommendation is directed to the United States District Court for the Southern District of Georgia, because the statutory requirement of certification has not been satisfied for direct appeal to the United States Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 158(d)(2)(A); Fed. R. Bankr. P. 8001(f).

On March 16, 2011, Debtors Marvin B. Smith III and Sharon H. Smith timely filed a notice of appeal of the Order Denying Debtors' Motion to Continue Hearing on Sanctions (ECF No. 441-1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 443). The Notice of Appeal specified that the appeal was being taken to the United States Court of Appeals for the Eleventh Circuit. The Clerk's office issued a Notice of Defective Appeal requiring either a Certification to Court of Appeals signed by all parties or a Request for Certification for Direct Appeal to Court of Appeals. (ECF No. 466.) The Smiths did not cure the deficiency, but instead filed a Reply to Notice of Defective Appeal, in which they stated their belief that certification was not required. (ECF No. 487.)

"Until the appeal is duly certified, it is handled as an appeal to the district court." In re Grau, No. 09-32460-C, 2010 WL 2232833, at *2 (Bankr. W.D. Tex. June 2, 2010). The Clerk of the Bankruptcy Court is therefore directed to treat this matter as an appeal to the District Court, including the transmission of this report and recommendation.

is an interlocutory order for which leave to appeal has not been sought. See 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8001(b) ("An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal . . . accompanied by a motion for leave to appeal . . . .").

I recommend that the District Court deny the Smiths' application to proceed in forma pauperis, because the appeal is not taken in good faith, there being no legal issue that could be argued on the merits.

Appeals in forma pauperis are governed by 28 U.S.C. § 1915, which requires not only that the appellant be unable to pay court fees, but also that the appeal be taken in good faith, § 1915(a)(3). Here, the Application to Proceed in District Court Without Prepaying Fees or Costs, signed under penalty of perjury by both Mr. Smith and Mrs. Smith, is sufficient to establish that the Smiths are unable to pay court fees. The Smiths, however, cannot satisfy the additional requirement of good faith.

In the context of § 1915, "good faith" is judged by an objective standard and is demonstrated when an appellant seeks review of any issue that is not frivolous. Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, the appeal is without arguable merit in law, because the issue of a continuance was moot before the appeal was filed. Accordingly, there is no issue for the appeals court to decide.

On March 7, 2011, the Smiths filed the Motion to Continue Hearing on Sanctions ("Motion"). (ECF No. 422.) On March 8, 2011, the Order Denying Continuance was entered. (ECF No. 424.) On March 10, 2011, the hearing went forward as scheduled. On March 16, 2011, the Notice of Appeal was filed. (ECF No. 441-1.)

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." DiMaio v. Democratic Nat'l Comm., 555 F.3d 1343, 1345 (11th Cir. 2009). Here, because the hearing went forward as scheduled, "there is no relief left to grant," Mahoney v. Babbitt, 113 F.3d 219, 221 (D.C. Cir. 1997).

There being no basis in law for the Smiths to challenge the Order Denying Continuance, the appeal is frivolous. Thus it is not taken in good faith under 28 U.S.C. § 1915.

## RECOMMENDATION

"The pauper's affidavit should not be a broad highway into the federal courts." Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Accordingly, I respectfully recommend that the

District Court deny the Smiths' application to proceed in forma pauperis in their appeal of the Order Denying Debtors' Motion to Continue Hearing on Sanctions, entered on March 8, 2011.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 12th day of April, 2011.

AO 72A
(Rev. 8/82)